UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| CONG DUC NGUYEN,<br>      Petitioner,<br><br>      v.<br><br>DAVID WESLING, Acting Director of<br>the Boston Field Office, U.S.<br>Immigration and Customs<br>Enforcement, et al.,<br>      Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 26-cv-74-MRD-AEM |

ORDER

Before the Court is Petitioner Cong Duc Nguyen's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner claims that the Respondents violated 8 U.S.C. § 1231 and his due process rights when they detained him on January 10, 2026. *Id.* ¶ 16. The Court has reviewed the Respondents' responses, see ECF Nos. 5, 6, as well as the case law relevant to the allegations and claims before the Court.

The regulations governing revocation of a noncitizen's release from detention pending removal are clear about what ICE needs to do and show. *See* 8 C.F.R. §§ 241.13(f), (i)(2); *Kong v. United States*, 62 F.4th 608, 619–20 (1st Cir. 2023); *see also Thai v. Hyde*, 788 F. Supp. 3d 57, 61 (D. Mass. 2025). The Government has not been able to show that ICE followed or met the standard set out in § 241.13(i) when it detained Petitioner on January 10. The Government has failed to provide this Court with a travel document or any information relating to any request to obtain travel documents for Petitioner. Further, while the Notice of Revocation of Release indicates that there are changed circumstances, it fails to include anything more than this generalized statement. ECF No. 5-2 at 2. The lack of information and evidence is woefully insufficient to satisfy this Court that ICE, on or before January 10, had made an individualized determination that there was a change in circumstances for this Petitioner and that there was a "significant likelihood that [Petitioner] may be removed in the reasonably foreseeable future." *Kong*, 62 F.4th at 620 (quoting § 241.13(i)(2)). This Court may not make this finding in the first instance. *Id.* Therefore, the petition for writ of habeas corpus is GRANTED. The Respondents

shall release Petitioner TODAY, February 12, 2026. The Court modifies its Order in ECF No. 3 only to allow Respondents to transfer Petitioner to the ICE Field Office in Burlington, Massachusetts to effectuate his release. Petitioner is expected to comply with the same conditions as those imposed in the order of supervision under which Petitioner has been placed since his release in 2009. *See* ECF No. 5-1.

While Petitioner is on supervised release, there is nothing in this Order to prevent Respondents from either requesting the Governments of England, China, Vietnam, or Hong Kong to accept Petitioner's return or from securing travel arrangements on a chartered flight to those countries. If ICE secures a travel document for Petitioner, then ICE may re-detain him for removal. *See Kong*, 62 F.4th at 619–20.

IT IS SO ORDERED.

_____
Melissa R. DuBose
United States District Judge

02/12/2026